PERRY JOHNSON, Appellant, v. ZELI GRIMMINGER,.
Appellee.

**Intoxicating Liquors:** SALE TO MINOR: DAMAGES: LIEN UPON REAL.
ESTATE: KNOWLEDGE OF AGENT. Where a lessee of real estate used the
same for a saloon, which was open and notorious, and of so disorderly a.
character as to attract ruffians, and a stabbing affray occurring therein
was published in two daily papers of the town, and the husband of
the owner of the premises collected the rents, and looked after the·
property for her, *held,* that the owner was chargeable with notice·
of the sale of intoxicating liquors upon said premises contrary to law,
and that the plaintiff, having recovered a judgment against the saloon
keeper on account of the unlawful sale of liquors to a minor upon·
said premises, was entitled to have the same established as a lien.
upon said real estate.

*Appeal from Keokuk Superior Court.*—HON. HENRY
BANK, JR., Judge.

TUESDAY, MAY 26, 1891.

ACTION in chancery to enforce a judgment recov--
ered by the plaintiff against one Clary, for selling intox-
icating liquors to the plaintiff's minor son, and to
declare it a lien against the real estate occupied by
Clary as a saloon, when he sold the intoxicating.

liquors to the minor.   Upon a trial on the merits, the plaintiff's petition was dismissed.—*Reversed.*

*J. F. Smith,* for appellant.

*D. F. Miller, Sr.,* for appellee.

BECK, C. J.—I.   The petition alleges the recovery of the judgment, and the occupancy of the real estate by the saloon keeper when the liquors were sold, and the knowledge, on the part of the defendant, of the sale of intoxicating liquors on the premises contrary to law. The answer denies the allegations of the petition, and alleges that the defendant sold the real estate after the judgment sought to be enforced in this case was rendered.   The defendant presents a cross-claim, based upon the allegations that the suit is brought with malice, and without probable cause.

II.   The action is triable in this court *de novo.* There is no question as to the facts of the recovery of a judgment against Clary, and that he occupied the real estate sought to be subjected to the judgment when the liquors were sold to the minor.   The point of dispute is the knowledge of the defendant herein of the use of the property for the illegal sale of the intoxicating liquors.

III.   In our opinion the evidence is ample to establish the defendant's knowledge so as to charge his property with the judgment recovered by the plaintiff. The saloon was open and notorious, and so disorderly as to attract ruffians.   An affray resulting in the stabbing of one of the rowdies engaged in it was noticed in two daily papers, and the particulars stated, and the name of the owner of the saloon, and its number was given.   The defendant lived in the city, and, we infer, not far from the saloon.   Her husband collected rent for her, and looked after the property.   He without doubt knew all about the character of the saloon, and that

intoxicating liquors were unlawfully sold in it. It is true he testifies he was not his wife's agent. He declares in his evidence, "I wasn't her (plaintiff) agent. I was her husband, and I go and do anything for her." He signed his name to a receipt for rent, and looked after the property. The defendant never denied her husband's authority as agent, and does not deny it in her evidence. His denial of his agency is rather of the legal conclusion than of the fact. He admits the service rendered for his wife in connection with the property, and declares that they were rendered not as an agent, but as a husband. He may possibly be ignorant of the fact that a husband may be a wife's agent, and, when he acts as such with her consent, she will be liable therefor, and chargeable with notice which he had of matters pertaining to the subject of his agency. There is no evidence supporting the defendant's cross-demand. In our opinion, the court below ought to have granted the relief prayed for by the plaintiff.

The decree dismissing the plaintiff's petition is reversed, and the cause is remanded for a decree in accord with this opinion, or at the plaintiff's option such a decree may be entered here.    REVERSED.