CALDWELL De France, Plaintiff, v. H. C. Traverse, Judge, Defendant.

Intoxicating Liquors: VIOLATION OF INJUNCTION: CONTEMPT: FINE: LIEN ON LEASED PREMISES. Where the owner of a storeroom used for saloon purposes lived upstairs over the storeroom, saw beer kegs, glasses, drunken men and other evidences of a saloon about the premises, and was often about the storeroom and sometimes in it, *held*, that the evidence was sufficient to show that the premises were used as a saloon with the knowledge and consent of the owner, although the lease to the keeper of the saloon provided that the room should not be used for any unlawful purpose.

*Certiorari to Wapello District Court.*

SATURDAY, MAY 21, 1892.

PROCEEDING by *certiorari*. The plaintiff and one Jones and Davis were co-defendants in a suit pending in the district court of Wapello county in August, 1890, wherein they were, upon information, charged with having violated a permanent injunction by keeping and selling intoxicating liquors in violation thereof. The defendants in that proceeding were each adjudged in contempt, and each to pay a fine of five hundred dollars, and the fines were all by the judgment made a lien on a "two story brick building known as 'No. 235, West Main street, Ottumwa, Iowa,' except sixty feet off the northeast end of the same." The district court found that C. De France was the owner of the premises described, of which fact there is no dispute. It also found that the keeping and the selling of intoxicating liquors on the premises constituting the contempt was with "the knowledge and permission" of De France, as to which finding there is a contention, and this proceeding is by De France alone to test the validity of action of the court below in its finding and judgment as to him.

*W. H. C. Jacques*, for plaintiff.

*Coen & Siberell*, for defendant.

GRANGER, J.—It is urged that there is nothing in the evidence to show that "De France had anything to do with the selling or keeping for sale of intoxicating liquors in the premises as found by the court." It is true that in the lease from De France to Jones and Davis there is a provision that the building should not be used for "unlawful purposes." Without saying that there is evidence from which the court could find that De France was guilty of active participation in the keeping and selling in the building, the evidence is such as to warrant a finding that it was done with his knowledge and permission. He lived upstairs in the same building. He saw the beer kegs, glasses, and many evidences of its being a saloon. He was often about the building and sometimes in it. There were drunken men about there, and such evidences as would indicate to any person of ordinary observation that it was being kept as a saloon for the sale of intoxicating liquors. The fact that it was so kept is not questioned. The plaintiff concedes that if De France had knowledge of the selling by Jones and Davis it is sufficient. We think the finding of the district court in this respect is warranted.

It is also urged that the judgment in effect makes the fines a lien on the homestead of De France. Nothing in the record indicates that such is the fact. It does appear that he slept upstairs or perhaps lived up there. It does not appear that it was his homestead, or that he is entitled to one as exempt. It is, however, urged that it was the duty of the district court to determine whether or not any part of the premises was a homestead. The proceeding in the district court, so far as we can discover from the record,

was without reference to a homestead right. The law does not require the district court, in such a proceeding, to assume such a right where it is not claimed. The question of a homestead right is in no way involved in the proceeding.

No illegality appears to disturb the action of the district court, and the petition is DISMISSED.