M. J. CAMERON, Appellant, v. LENA KAPINOS, Appellee.

1. Liquor Nuisance: VIOLATION OF INJUNCTION: CONTEMPT: ACTION TO MAKE FINE A LIEN ON REAL ESTATE: PARTIES. Where an action to enjoin a liquor nuisance was properly brought in the name of a citizen of the county, such citizen may maintain an action to make a fine, imposed for the violation of the injunction issued in the former action, a lien upon the real estate where such nuisance was maintained with the consent of the owner.

VOL. 89—36

2. ———: ———: ———: ———. Under the provisions of section 12, chapter 66, of Acts of the Twenty-first General Assembly, making all fines and costs assessed, or judgments rendered, of any kind, against any person for any violation of an injunction against the use of premises for the unlawful sale of intoxicating liquors, a lien upon premises used for such purpose, with the knowledge of the owner thereof or his agent, *held*, that a fine imposed in a contempt proceeding for the violation of an injunction, together with the costs of such proceeding, were enforcible against premises used for such purpose by the agent of the owner, and with her knowledge, though she was not a party to the contempt proceeding.

*Appeal from Winneshiek District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, OCTOBER 18, 1893.

PROCEEDING in equity to subject real estate owned by a wife to the payment of a fine and costs adjudged in a contempt proceeding against the husband. A demurrer to the petition was sustained, and the plaintiff appeals.—*Reversed.*

*John B. Kaye*, for appellant.

*E. R. Acers* and *L. L. Ainsworth*, for appellee.

KINNE, J.—In 1887 in an action in the Winneshiek district court wherein this plaintiff was the plaintiff, and this defendant and one Frank Kapinos, her husband, and lots 1, 2, 3, and the buildings thereon, in the village of Spillville, in the said county, were defendants, a temporary writ of injunction issued, enjoining the defendant, Lena Kapinos, from keeping, using and occupying said premises and the buildings thereon for the purpose of keeping, selling, giving away or storing therein intoxicating liquors in violation of law, and restraining and enjoining the said Frank from selling or giving away, or keeping for the purpose of sale, gift or disposal on said premises or in the buildings thereon, any intoxicating liquors in vio-

lation of law.   The writ was duly served on April 22, 1887.   The petition in that action charged Lena Kapinos to be the owner of the premises therein described.   At the August, 1887, term of said court a decree was entered declaring said premises to be a liquor nuisance, and finding that said Lena Kapinos was the owner of the premises, and knowingly permitted Frank Kapinos to use the same for the unlawful sale and keeping of intoxicating liquors; also, ordering the nuisance abated, and the injunction made perpetual.   It is charged in the petition in this case that said Lena has ever since been, and still is, the owner of said premises; that between June 10, 1890, and May 12, 1891, the said Frank Kapinos, in violation of law and of said decree and writ, used said premises for sale therein, and storing therein intoxicating liquors, and selling the same therein and thereon, both by himself and agents; that on May 18, 1891, the plaintiff filed in court his affidavit charging said Frank Kapinos, the husband and agent of this defendant, with having sold, between said dates, intoxicating liquors on said premises to various persons in violation of law, and with keeping intoxicating liquors thereon with intent to sell the same unlawfully; that at the . May term, 1891, of said court, on said hearing, against said Frank Kapinos for contempt, and on July 3, 1891, judgment was rendered finding him guilty, and imposing a fine of seven hundred dollars and costs.   It is also averred that said fine was imposed on Frank Kapinos for selling, storing and keeping for sale intoxicating liquors on said premises with the knowledge of this defendant, and that no part of the fine has been paid. The prayer is that the judgment and fine be decreed a lien upon said premises.   The defendant demurred to the petition on the grounds, *first*, that the plaintiff has no legal capacity to sue; *second*, that the facts stated do not entitle the plaintiff to the relief demanded,

The demurrer was sustained, the plaintiff excepted, and elected to stand on his petition, and appeals.

I.  The first ground of the demurrer goes to the question of the capacity of the plaintiff to sue.  The statutes under which the action of *Cameron v. Frank Kapinos and Lena Kapinos* was brought provide that any citizen residing in the county where a liquor nuisance exists, may, after notice or information of such nuisance given to the county attorney, and neglect or refusal by him to bring suit, institute and prosecute, in the name of the state, an action in equity to enjoin the nuisance, or he may institute such an action in his own name.  Chapter 143 of Acts of the Twentieth General Assembly;  chapter 66 of Acts of the Twenty-first General Assembly.  In either event it is held that the action so instituted is of a public nature, and for the public benefit.  *Littleton v. Fritz*, 65 Iowa, 488, 495;  *Applegate v. Winebrenner*, 66 Iowa, 67, 68;  *Geyer v. Douglass*, 85 Iowa, 93.  In *Conley v. Zerber*, 74 Iowa, 699, 700, it is held that the right thus conferred by statute upon the citizen is a mere naked right to maintain the action;  that the citizen is permitted to maintain the action for the public benefit.  In *Dickinson v. Eichorn*, 78 Iowa, 710, it is said that in such cases "the plaintiff, as a citizen of the county, stands for and represents the public."  We have held that a proceeding in such cases to punish for a contempt is properly brought under the title of the equity case.  *Manderscheid v. District Court of Plymouth Co.*, 69 Iowa, 240, 242.  It follows, then, that in a proceeding to make the fine imposed in the contempt proceeding a lien upon real estate of one who knowingly permits her premises to be used in thus violating the law, and the order or mandate of the court, it is proper that the same person be the plaintiff as in the original equity action and in the contempt proceeding.  This action is only a proceeding on behalf of the

*(margin note: 1. LIQUOR nuisance: violation of injunction: contempt: action to make fine a lien on real estate: parties.)*

state, by the citizen, to enforce the collection of the fine imposed in the contempt proceeding, and we see no reason for holding that he is not a proper party plaintiff.

II.  The other ground of demurrer attacks the sufficiency of the petition.   By the Acts of the Twenty-first General Assembly, chapter 66, section 12, it is provided:

2. $\frac{}{}:\frac{}{}:$

"For all fines and costs assessed, or judgments rendered, of any kind against any person for any violation of the provisions of this chapter, or costs paid by the county on account of such violations, the personal and real property    *    *    *    as well as the premises and property personal or real, occupied and used for the purpose, with the knowledge of the owner thereof, or his agent, by the person manufacturing or selling, or keeping with intent to sell intoxicating liquors contrary to law shall be liable, and all such fines, costs, and judgments shall be a lien on such real estate until paid."

The petition alleges, in substance, that in the contempt proceedings it was charged that in making the sales for which Frank Kapinos was adjudged to be in contempt he acted as the agent of the defendant therein, and that said sales were made with her knowledge.   As will be seen from the statement of facts, every fact necessary to fix the liability of the property of the defendant herein for the fine imposed in the contempt proceedings, as well as the costs thereof, is fully alleged.

Appellee urges that Lena Kapinos was not a party to the contempt proceedings, and hence she can not be bound thereby.   This is not an action against her personally, but a proceeding authorized by the statute to make the fine and costs in the contempt proceeding a lien upon her real estate.   Under the stringent and far-reaching provisions, above quoted, for all fines and

costs assessed, or judgments rendered, of any kind
against any person for any violation of the law, the
personal and real property used for such purpose with
the knowledge of the owner of the property is made
liable. See *De France v. Traverse*, 85 Iowa, 422;
*Johnson v. Grimminger*, 83 Iowa, 10. The provisions
of the statute can not be limited to cases only where it
is sought to charge the property for a judgment recov-
ered for an illegal sale of liquor upon the defendant's
premises with her knowledge, but they reach as well a
case like that at bar. Nor is it essential that Lena
Kapinos should have been a party to the contempt pro-
ceeding. Counsel for appellee say: "This action is
without a precedent in this country, and at best a mon-
strous innovation and attempted perversion of equity
and justice." We have nothing to do with the policy
of the law which authorizes this remedy for the enforce-
ment of fines, costs and judgments in such cases. We
must enforce the law as we find it. That the proceed-
ing is clearly authorized by the statute we have no
doubt, and the petition contained all the necessary
allegations. The demurrer should have been over-
ruled. REVERSED.