JAMES PATTERSON et al., Appellants, v. IRA J. NICOL.

**Liquor injunction:** ABANDONMENT OF BUSINESS PENDING TRIAL. Where pending the trial of a suit to restrain the defendant from selling intoxicating liquors, the defendant abandoned the business, surrendered his druggist permit, sold his interest in the business and in the building in which it had been carried on, and paid the costs up to that time, an injunction to restrain the sale was properly refused; Code, section 2410, providing that the suit may be abated on the property owner paying all the costs and filing a bond conditioned for the abatement of the nuisance, not applying, as defendant did not own the premises at the time.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

SATURDAY, DECEMBER 21, 1901.

ACTION in equity to restrain the sale of liquor in violation of law and to abate a nuisance created by such sales. Trial to the court, and judgment for the defendant. The plaintiffs appeal.—*Affirmed.*

*Brown & Brown* for appellants.

*J. D. Butler* for appellee.

SHERWIN, J.—This action was brought in June, 1899, against the defendant and one Cook, his partner in the drug business. The case was tried as to Cook at the June term of court, and an injunction issued against him as prayed. The defendant was then owner of the building in which the unlawful sales were made, and afterwards a notice of the action was served on him for the October term of the court, at which time he answered, denying the allegations of the petition, and alleging that he was a registered pharmacist, and held a permit to sell intoxicating liquors in accordance with the law; and, further, that on the twelfth day of August, 1899, he "permanently discontinued the sale of liquor under his permit for all purposes and for all time," and "that he will not in the future engage in said business." In August, 1899, the plaintiffs were notified by the defendant of his abandonment of the business, and he offered to pay all the costs against him up to that time. At the time this suit was brought, and at the time of the trial as to Cook and as to himself, the defendant did not reside in the county or in the judicial district where it was pending. While the evidence conclusively shows violations of the law in the sales of liquor, it also conclusively shows that, not only had the defendant in good faith abandoned the business long before the trial, but also that he had surrendered his permit, and had sold his interest in the busi-

ness and in the premises in which it was carried on.   These facts were found by the trial court.   There was, then, no occasion to issue an injunction as to this defendant.   It was a discretionary matter with the court, and no abuse of discretion is shown.   *Judge v. Kribs,* 71 Iowa, 183, recognizes the principle applied here.   See, also, *Shear v. Brinkman,* 72 Iowa, 698.   There was nothing for the defendant to do ' under section 2410 of the Code, because he did not then own the premises.   The trial court found that the defendant had in good faith abated the nuisance August 12, 1899. He taxed the costs up to that time to him, and refused the writ.

We think the judgment should be, and it is, AFFIRMED.