R. E. REDLEY, Appellant, v. GREINER AND BOSSINGHAM *et al.*

117    679
d133    268

117 .   679
137     552

117    679
f144    250

**Liquor Injunction:** PROPERLY DENIED: *Abandonment of business.*
Where in an action to enjoin a druggist from maintaining a
liquor nuisance, for failure to make sworn returns of sales to
the auditor as required by Code, section 2397, it appeared at
the time of the trial that the defendants had sold their busi-
ness, and were not then engaged and did not in the future in-
tend to engage in the drug business in the county, and that
the partner who held the permit was about to permanently re-
move from the county, an injunction was properly denied

*Appeal from Emmet District Court.*—HON. W. B. QUAR-
TON, Judge.

FRIDAY, OCTOBER 24, 1902.

ACTION in equity to enjoin and abate a liquor nuisance.
A demurrer to the answer was overruled, and the case
tried on stipulated facts.  Judgment for defendants.  The
plaintiff appeals.—*Affirmed.*

*E. R. Acres* for appellant.

No appearance for appellee.

SHERWIN, J.—The violation of law charged was the
failure upon the part of the defendants, who were drug-
gists and held a permit, to properly verify the purchases
and sales made by them, as shown by their returns thereof
to the auditor.  It may be conceded, for the purposes of
this case, that such returns must be verified in strict accor-
dance with section 2397 of the Code, and that a failure to
so do is a violation of law which might render the druggest
liable, and still the case was rightly determined by the
district court.   After the answer and stipulation were
filed, and before the case came on for trial, the defendant

druggists sold their business, and showed that they were not then engaged, and did not intend in the future to engage, in said business in Emmet county, and that the partner who held the permit was about to permanently remove from that county. Under this state of facts, we think the district court was justified in refusing to grant the injunction prayed. A court of equity may be required by statute to issue an injunction when certain facts are proven, but, the purpose of the writ being to prevent the continuance of a nuisance or wrong, it is evident that, if it is clearly apparent to the court that there will not and cannot be a continuance thereof, it is entirely proper to refuse the writ. *Patterson v. Nichol*, 115 Iowa, 283. There is nothing in the record tending to show that the premises which had been vacated by the defendant druggists would be used in the future by some one else for the same purpose, and hence we think the court rightly refused a default and judgment against the owner thereof.—AFFIRMED.