· H. H. SAWYER, Plaintiff and Appellant, v. W. TERMOHLEN, RIVERSIDE PARK IMPROVEMENT COMPANY, SIOUX CITY TRACTION COMPANY, INTERSTATE LIVE STOCK FAIR ASSOCIATION OF SIOUX CITY, IOWA; F. L. EATON, F. L. WIRICK, M. L. FLYNN, A. T. BENNETT, F. M. PELLETIER, W. H. FARNSWORTH, L. L. KELLOG, C. C. WALES, F. E. SCOTT, W. H. BECK, JOHN L. SUMMERS, Defendants and Appellees.

**Intoxicating liquors:** PERMANENT INJUNCTION: DENIAL OF WRIT. A permanent injunction to restrain the illegal sale of liquor on defendant's fair grounds should be denied, where it appears, as in this case, that the directors of the fair association had abandoned and refused the privilege of sale on its grounds.

**Same:** ISSUANCE OF TEMPORARY WRIT: MOOT QUESTION. Under the statute a temporary writ should issue as a matter of course, upon a continuance of an application to restrain a liquor nuisance made at defendants request; yet, where the trial courts refusal to issue the writ raises only a moot question the appellate court will not reverse the case on that ground, but will simply indicate the action which should have been taken.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, OCTOBER 25, 1909.

SUIT in equity to restrain defendants from conducting a liquor nuisance. Both temporary and permanent injunctions were asked. A temporary injunction issued on the 1st day of October, 1907, a continuance of the application therefor having been granted in the meantime. Thereafter the case was heard on the merits, resulting in a decree dismissing the petition and refusing the injunction, but entering

judgments against defendants for all the costs in the case. Plaintiff appeals.—*Affirmed.*

*A. D. Collier,* for appellant.

*Shull, Farnsworth & Sammis,* for appellees.

Deemer, J.—The defendant The Riverside Park Improvement Company was, at the time complained of, the owner of the premises upon which it is alleged the nuisance existed. These premises were known as the Interstate Live Stock Fair Grounds of Sioux City, Iowa. Defendant Termohlen occupied and controlled a building on said premises in which it was alleged he sold and kept for sale intoxicating liquors, contrary to law. The other defendants were officers and directors of the Interstate Live Stock Fair Association, and lessees and occupants of the grounds hitherto referred to. This fair association held annual exhibitions, and in the year 1907 was conducting one from the 7th to the 14th days of September. It is alleged that these defendants gave permission to Termohlen to conduct his unlawful business during the 1907 fair. This action was commenced on the 7th day of September, 1907, and, upon presentation of the petition to the then sitting judge of the Fourth Judicial District, an order was made fixing the hearing of said application for the 10th day of September, and providing that notice thereof be given to the defendants. Defendants appeared at the time so fixed, filed answer, and also a motion for a continuance based upon the ground that the defendants were so busy in the conduct of the exposition that they could not prepare for their defense. This motion was amended on the 11th day of September, and a claim was then made that one of the defendants had been so injured in an automobile accident, occurring on the evening of the 10th of September, that he could not attend court or look after any of his business matters. This motion was submitted to the

court and sustained, and the cause continued for further hearing until the 24th day of September, 1907. Thereupon plaintiff's counsel asked the issuance of a temporary writ of injunction, based upon section 2405 of the Code, which provides, in substance, that, if such application be continued at defendant's instance, the writ as prayed for shall be granted as a matter of course. This application was denied.

It seems that the case came on for hearing on the application for the temporary writ on October 1, 1907, and at that time it was stipulated and agreed by and between the parties that a temporary writ of injunction should issue as prayed, without bond, and an order was made accordingly. The case came on for final hearing on May 12, 1908, and on the 8th day of October the trial court found that defendants had, since the commencement of the action, quit the unlawful business in good faith, and resolved not to again permit liquors to be sold on their premises in violation of law. In view of this finding, the plaintiff's petition was dismissed, but the defendants were ordered to pay the costs of the action, which included an attorney's fees for plaintiff's attorney; and judgment and decree was entered accordingly. Plaintiff thereupon appealed to this court, his notice reciting that he had appealed from the judgment and order dismissing plaintiff's petition, made in the cause, and rendered on the 8th day of October, 1908.

I.   The burden of plaintiff's argument here is that the trial court was in error in refusing to sustain his motion for a temporary writ of injunction because of the continuance of the case on defendants' motion. True, he insists that there should have been a final decree granting the permanent injunction, but it is evident that little reliance is placed upon this contention. The trial court was justified in finding that the directors of the fair association, which association had complete charge of the grounds upon which the nuisance is said to have been conducted, at a meeting held at the close

1. INTOXICATING LIQUORS: permanent injunction: denial of writ.

of the fair resolved to discontinue the practice of selling liquor privileges, and declared, as a matter of future policy, that no liquors of any kind would be permitted to be sold thereafter on the grounds of the association so long as said association had any control of or anything to do with the fair or the grounds upon which it was conducted. The trial court, being satisfied that defendants had abandoned for all time the illegal sale of liquors upon the grounds, had the right, and it was its duty, to deny the permanent injunction and refuse to enter the usual decree. In any event, its power in this respect was discretionary, and there is no such showing in this record as would justify us in reversing the action of the trial court in denying the permanent writ. See *Patterson v. Nicol,* 115 Iowa, 283; *Redley v. Greiner,* 117 Iowa, 679.

II. We are of the opinion that the trial court should have granted the temporary writ as a matter of course when it ordered the continuance of the case. So it is written in

2. SAME: issuance of temporary writ: moot question.

the law, and this mandate should have been observed. Within a few days thereafter, however, the trial court did issue a temporary writ, and this was in full force and effect until the final hearing of the case. These temporary writs are issued in aid of the court's jurisdiction, and for the purpose of securing orders which could not otherwise be obtained save upon final hearing. They are interlocutory in character, and last only until the merits of the case are determined. After trial upon the merits there is no occasion for the issuance of a temporary writ; indeed, no court would think of issuing such an order after a final decree, no matter what the ultimate result. The question presented for our determination on this branch of the appeal is a moot one, and, should we reverse the order of the trial court denying plaintiff's application for a temporary writ, it would avail plaintiff nothing; for the reason that he secured. such an order on the 1st day of October, 1907, which con-

tinued down to the time of the final disposition of the case. A reversal here would do the plaintiff no good, for an order for a temporary writ of injunction cannot relate back so as to be of any consequence. As nothing but a moot question is presented upon this branch of the appeal, and could not avail the plaintiff in any event, we are not justified in reversing the final decree or doing more than to indicate our thought that the trial court should have granted the temporary injunction at the time it issued the order for a continuance. No discretion, as we view it, was lodged in the trial court.

No sufficient reason appears for reversing the final decree, and it must be, and it is, *affirmed.*