(68 South. 960)

No. 21375.

ALGIERS RY. & LIGHTING CO. v. NEW ORLEANS RY. & LIGHT CO.

In re ALGIERS RY. & LIGHTING CO.

(June 11, 1915.)

*(Syllabus by the Court.)*

1. MANDAMUS ☞37 — GROUNDS — JUDICIAL DISCRETION—PRELIMINARY INJUNCTION.

Mandamus will not issue to a district judge to compel him to grant a preliminary injunction in cases wherein the law vests discretion in him.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 81, 82; Dec. Dig. ☞37.]

2. INJUNCTION ☞58—GROUNDS—OPERATION OF STATUTE.

Article 1929, Civ. Code, which provides that, "If the obligation be not to do, the obligee may also demand that the obligor be restrained from doing anything in contravention of it, in cases where he proves an attempt to do the act covenanted against," is not embraced within the terms of article 298, Code Prac., which says that an injunction must be granted in the cases therein named.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 111–113; Dec. Dig. ☞58.]

3. INJUNCTION ☞58—GROUNDS—VIOLATION OF CONTRACT.

In such circumstance, the obligee may demand that the obligor be restrained from doing certain things in contravention of a contract not to do, where he has proved an attempt on the part of the obligor to do the act covenanted against.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 111–113; Dec. Dig. ☞58.]

4. MANDAMUS ☞3—GROUNDS — REFUSAL OF PRELIMINARY INJUNCTION—ADEQUATE REMEDY AT LAW.

Where the allegations of a petition show that damages resulting from the alleged violation of a contract may be compensated in money, the action of the district judge in refusing to issue a preliminary injunction will not be interfered with.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8, 10, 11, 16–34; Dec. Dig. ☞3.]

Injunction by the Algiers Railway & Lighting Company against the New Orleans Railway & Light Company; the Gretna Light & Power Company filing a petition of intervention. Preliminary injunction denied, and plaintiff applies for a writ of mandamus. Application denied, and intervention dismissed.

E. Howard McCaleb, of New Orleans, for applicant. John P. Sullivan, Arthur Landry, and Edward M. Heath, all of New Orleans, for intervener Gretna Light & Power Co. McCloskey & Benedict, of New Orleans, for respondent New Orleans Ry. & Light Co.

SOMMERVILLE, J. Plaintiff, as the successor of the Algiers Waterworks & Electric Company, sought a preliminary injunction against the defendant, as the successor of the New Orleans Railway Company of New Jersey, enjoining, restraining, and prohibiting the defendant company from selling or furnishing electric current, light, and power to any person other than the plaintiff company, in the Fifth district of the city of New Orleans and in the two adjoining parishes, Jefferson and Plaquemines, on the west bank of the Mississippi river, and especially from selling said electric current to the Consumers' Electric Light & Power Company to be distributed in the Fifth district of the city of New Orleans, McDonoghville, and Gretna, or anywhere in the parishes of Jefferson and Plaquemines, on the west bank of the Mississippi river, and to prevent defendant from soliciting, contracting, or attempting to solicit and contract, for the sale, disposition, or furnishing to any person, firm, or corporation, other than plaintiff itself, electric current, electric light, and electric power to be used in the named localities. It further asked that the injunction prayed for be perpetuated, and for costs, and general and equitable relief.

Plaintiff bases its action upon two contracts, alleged to have been entered into August 24, 1904, between the Algiers Waterworks & Electric Company and the New Orleans Railway Company of New Jersey, whereby the latter agreed to furnish the former all the electric current it might need for its business in the Fifth district of New

Orleans and the adjoining parishes on the west bank of the Mississippi river, for ten years, also the undertaking of the obligation of the said railways company in respect to its contract with the city of New Orleans for municipal arc lighting in the Fifth district of said city; said contracts providing for an assignment, in whole or in part, thereof to the successor or purchaser of the plant or business of either party. The contracts are attached to and made parts of the original petition.

Petitioner expressly alleges that defendant is violating article 7 of the contract referred to, which reads as follows:

"The railways company agrees to furnish all the current needed by the Algiers Company, and also agrees that it will not sell or otherwise furnish electric current, electric light, or power to any other person, firm, or corporation than the Algiers Company, in Orleans and the two adjoining parishes on the west bank of the Mississippi river; it being the intent of this clause that all electric current shall be furnished by and through the Algiers Company."

Petitioner further alleges that it is informed, believes, and so avers that the defendant is violating the said contract; that it did, on or before April 9, 1915, between four and five months prior to the expiration of the contracts referred to, enter into an agreement with the Consumers' Electric Light & Power Company to furnish it with electric current for sale, use, and distribution in Gretna and the parish of Jefferson, without said Consumers' Company purchasing, or offering to purchase, the electric current by and through petitioner, and that defendant has furnished the Consumers' Electric Company, and other parties, located in Gretna, electric current, all in violation of the contract rights between plaintiff and defendant.

Plaintiff further avers that, unless restrained, defendant will continue to violate the contract, to petitioner's great damage and irreparable injury; that the value of its rights under the provisions of the seventh paragraph of said contract exceeds the sum of $10,000; that a writ of injunction is necessary to protect petitioner's rights in the premises.

The judge of the district court issued a rule nisi, and, after hearing, declined to issue a preliminary injunction. Plaintiff now asks that a mandamus issue; directed to the district judge, to compel him to issue a preliminary writ of injunction in the case.

[1] The district judge answers that a mandamus should not issue herein for the reasons: (1) That under article 1929, R. C. C., the breach of an obligation not to do does not of right entitle the obligee to an injunction. The matter comes within the purview of article 303 and article 296, C. P., and is left to the discretion of the court. (2) Relator can be adequately compensated in damages. Although alleging irreparable injury, relator has valued the right which it seeks to enforce by injunction at over $10,000. (3) The obligation assumed by the obligor, the New Orleans Railway & Light Company, towards relator, is partly to do and partly not to do. Had it been breached in toto, injunctive relief could not be obtained. No good reason is suggested why specific performance should be secured by injunction because the obligation had been partially breached, even though the breach be of that part which is not to do.

The contract under consideration obligates the defendant to furnish to the plaintiff electric power for use in the Fifth district of the city of New Orleans, Jefferson and Plaquemines parishes, on the west bank of the Mississippi river, and not to furnish electric power to others.

Plaintiff does not allege that defendant has failed to furnish it with the electricity contracted for; but the complaint is that the defendant has contracted to furnish electric current to the Consumers' Electric Light & Power Company, which appears to have a contract for furnishing electric current to the intervener herein, the Gretna Light &

Power Company, which has a contract to light the city of Gretna.

Plaintiff bases its suit for injunction to prevent the defendant from doing an act which it contends may be injurious to it (plaintiff) or impair a right which it claims. And it argues that the respondent judge had no discretion in the matter, and should have issued a preliminary injunction when applied for by it, and supports its argument by reference to article 1929, C. C., which reads:

"If the obligation be not to do, the obligee may also demand that the obligor be restrained from doing anything in contravention of it, in cases where he proves an attempt to do the act covenanted against."

The foregoing article explicitly states the law with reference to obligations "not to do"; that a remedy by injunction will lie; and in the case of Levine v. Michel, 35 La. Ann. 1121 (1127), we hold it to be the legal duty of the obligor to comply with the terms of the contract, and the legal right of the obligee to exact compliance; in other words, the obligee may enforce a contract not to do by specific performance. And that a violation of said contract is injurious to plaintiff and impairs a right which he claims, and is therefore a proper subject for injunction, within the very terms of article 296, C. P. The right of action was maintained; and the injunction issued in the case was perpetuated.

But in that case the district judge, in the exercise of the discretion vested in him by the law, had issued a preliminary injunction, while in this case, under that same law, the district judge, in his discretion, has refused to issue a preliminary injunction.

[2, 3] On the breach of any obligation to do or not to do, the obligee is entitled either to damages or, in cases which permit it, to a specific performance of the contract, at his option; or he may require the dissolution of the contract. Ordinarily the breaches of a contract entitle the party aggrieved only to damages; but where they would be an in-adequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance. And under article 1929, C. C., above quoted, in those cases where the obligee has proved an attempt to do the act covenanted against, he may restrain the obligor from doing anything in contravention of the terms of the contract. It would appear, in such case, that the injunction would issue after trial, and where proof had been made that the obligee had attempted to do an act contrary to that which he covenanted he would not do. The Code does not say that a preliminary injunction should issue in such case, although, in the discretion of the district judge, a preliminary injunction may issue. The preliminary injunction does not issue as a matter of right. This case does not fall within the terms of article 298, C. P., which provides for cases in which an injunction must be granted. It falls within the terms of article 303, which vests the district judge with discretion in the matter. And that discretion will not be controlled by the Supreme Court, unless it is shown that such discretion has been abused.

[4] Petitioner avers that the damages, arising from the act of the defendant in doing what it had covenanted not to do under the contract between them, are irreparable; and that a preliminary injunction should therefore issue. But it also avers that the value of its rights under the provisions of the seventh paragraph of said contract, and which are being violated, and will continue to be violated, unless restrained, exceeds the sum of $10,000; and that a writ of injunction is necessary to protect petitioner's rights in the premises.

The court will not be concluded by the mere allegation in the petition that, if not restrained, defendant will occasion petitioner irreparable injury. Such allegations are mere inferences and deductions from the acts and facts charged, the verity and soundness of which may be reviewed.

The court will examine the facts charged, and the nature and character of the injury which may be inflicted by the acts complained of, and thus determine whether such injury may be reparable or not. There is no precise rule laid down giving to an injury the quality of being irreparable; but the general principle is that an injury, the damage for which is clearly in the nature of pecuniary loss, and can be exactly and fully repaired by compensation in money, is a reparable injury, for which a bond in sufficient amount properly secured may afford all adequate indemnity. We have heretofore said:

"There are many injuries which, in the very nature of things, cannot be repaired by any money consideration; such, for instance, as result from acts which outrage the feeling and wound the sensibilities, or deprive us of objects of affection and of things, perhaps trivial in themselves, but of inestimable value by reason, solely, of being associated with some precious memory or touching incident of our lives. Or it may be that the maintenance of the writ is required to preserve to us our homes, and to establish us in a state or condition which, lost for the moment, can never be recovered, or the loss atoned for by money. In all this class of cases the injunction should be maintained because the injury from its dissolution would be irreparable." Crescent City v. Police Jury, 32 La. Ann. 1194.

This enumeration of cases was not sought to be exhaustive, but merely to serve as examples. But where plaintiff alleges that it will be damaged by the violation of a contract between it and defendant, by defendant furnishing and selling electric current to third persons, and that the damages sustained by it "will exceed the sum of $10,000," it is quite clear that the damages may be compensated in money, and they may be measured, ascertained, and proved, and that they are not irreparable.

The case under consideration appears to be one for specific performance, and, upon proper proof being made, an injunction may issue to restrain defendant from violating the terms of the contract between the parties. And it may be, in the discretion of the district judge, that a preliminary injunction may hereafter issue in the cause; but a mandamus will not issue from this court directing him to issue it.

The order herein issued is recalled; and the application for a mandamus in this case is denied, at relator's cost. The intervention of the Gretna Light & Power Company is dismissed, at its cost.