UNITED BROTHERHOOD OF CARPENTERS, Local
No. 101 *v.* UNITED SLATE TILE AND COMPO-
SITION ROOFERS, Etc.
UNITED BROTHERHOOD OF CARPENTERS, Local
No. 544 *v.* SAME

[Nos. 48 and 49, October Term, 1942.]

*Decided January 12, 1943.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Joseph H. A. Rogan,* with whom were *J. Francis Ford* and *Robert P. McGuinn* on the brief, for the appellants.

*W. LeRoy Ortel,* with whom was *Edwin S. Panetti* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Here are presented two appeals, one by the United Brotherhood of Carpenters and Joiners of America, Local No. 101, and the other by the United Brotherhood of Carpenters and Joiners of America, Local No. 544, from an order of the Circuit Court No. 2 of Baltimore City overruling their demurrers to the second amended bill of complaint filed by the United Slate Tile and Composition Roofers, Damp and Waterproof Workers' Association, Local No. 80.

The second amended bill of the Roofers' Union prays for an injunction against the Carpenters' Unions. The purpose of the suit is to determine the parties who have the right to lay the roofs at the Sparrows Point Housing Project in Baltimore. It is admitted by the parties that the work on this project has been completed.

Under these circumstances, it is clear that there is no ground for the issuance of an injunction with respect to the Sparrows Point Housing Project, even if the complainant might have been entitled to the writ at the time the suit was entered. Injunction is primarily a preventive remedy. Its province is to afford relief against future acts which are against equity and good conscience, and to keep a condition in *statu quo,* rather than to remedy something which is past or to punish for wrong-

ful acts already committed. Consequently it is a general rule that rights already lost and wrongs already perpetrated cannot be corrected by injunction. It is the condition of things at the time of the hearing of the suit, rather than the condition existing at the commencement of the suit, that furnishes the basis for injunctive relief. It is therefore the duty of the court to determine not merely whether the complainant was entitled to an injunction at the time he instituted the suit, but whether the facts as they appear at the time of the hearing warrant such relief. Inasmuch as the purpose of the writ of injunction is to prevent a nuisance or wrong, it is evident that, if it clearly appears to the court that there will not be a continuance thereof and the question has become moot, it is proper to refuse the writ. *Redley v. Greiner,* 117 Iowa 679, 91 N. W. 1033; *Alsager v. Peterson,* 31 S. D. 452, 141 N. W. 391; *Rosenthal v. Shepard Broadcasting Service,* 299 Mass. 286, 12 N. E. 2d 819, 114 *A. L. R.* 1502.

It was suggested by counsel for the complainant that the bill contains a prayer that the carpenters be enjoined from interfering with the roofers in the laying of any roofs with building material other than wood shingles "on any project in the future" subject to the constitution, by-laws and rules of the Building and Construction Trades Department of the American Federation of Labor. It was urged that in view of this prayer the chancellor would have the right to award a declaratory decree to establish the rights of the parties with respect to any future project. But that aspect of the case was not raised before the chancellor. We are therefore of the opinion that it will better serve the purposes of justice to permit the complainant to raise this question by amending the bill, if amendments can properly be made.

> *Cause remanded, without affirmance or reversal, with permission to the appellee to apply to the chancellor to amend the bill of complaint, with costs to the appellants.*