This is an appeal from a decree of Circuit Court No. 2 of Baltimore City sustaining demurrers and dismissing appellant's third amended bill of complaint. It is the second time that this case has been here.
This bill of complaint alleges in effect that the appellant is a voluntary unincorporated association formed to obtain employment for its members. It is governed by an Executive Board of its members and is affiliated with and subject to the Constitution, By-Laws, Rules, and Regulations of organization set out therein, none of whom is made party to this suit. All of the organizations mentioned are subject to and affiliated with the American Federation of Labor.
The appellees are similar associations also formed to obtain employment for their members. They are likewise governed in the same manner as the appellant and are also subject to and affiliated with the American Federation of Labor. None of those governing organizations is made party to this suit.
Both the appellant and appellees are subject to the Building and Construction Trades Department Constitution, *Page 34 
Convention Rules and Regulations of the American Federation of Labor. In the last two conventions of that organization held in October, 1941 and 1942, all the International Unions therewith affiliated were given specific Charter Grants pertaining to the jurisdiction of each International Union and their locals as to what types of work each should do. A dispute has arisen between the appellant and appellees as to the right of the appellant to lay certain types of roof.
Authority is given to the President of the Building and Construction Trades Department, by virtue of the Constitution thereof, in case of such disputes to render a decision between the affiliated trades within thirty-six hours after notifying by telegraph the trades in conflict, on any particular job for the purpose of preventing any stoppage of work. He is then to refer his decision to a National Referee for the purpose of obtaining a decision which will be effective nationally, on all future work on the particular item upon which the decision was rendered.
The bill further alleges that although the President of the Building and Construction Trades Department has rendered many decisions on the matters in dispute, in violation of the Charter Grants hereinbefore referred to, he has wilfully and deliberately, for the purpose of avoiding a final decision, or refused and failed to give the thirty-six hour notice required, and to send any decision, he has made in the past three years or more, to the Referee for his ruling on all future laying of such roofs. By such refusal, in violation of their charter rights, the President aforesaid has wilfully, capriciously, unjustly, and fraudulently, caused appellant the loss of work and earnings to which its members are rightfully entitled.
Contained in the bill of complaint are a list of many decisions made by the President in the past three years; much correspondence with the President; and an allegation that the appellees have deliberately taken contracts to which the appellant was entitled and have caused the *Page 35 
breaking of contracts between the appellant and its sub-contractors.
The appellant alleges that it has exhausted all of its remedies under the Constitution, By-Laws, Rules, Regulations, and National Plan for settling jurisdictional Disputes and under the Convention Rules of the Building and Construction Trades Department; the refusal of this Court to consider their appeal in the case of United Brotherhood of Carpenters et al v. UnitedSlate Tile and Composition Roofers, 181 Md. 280, 282,29 A.2d 839, for the reason that the case was then moot; that the same condition is apt to happen in a contest on any present or future job; unless this Court interferes to disclose the rights of the parties, the appellant will be without relief; that the President of the Building and Construction Trades Department of the American Federation of Labor is a non-resident of the State of Maryland and a dispensable party; and further that irreparable loss will be sustained and the appellant is without relief unless and until the Court assumes jurisdiction.
The relief asked is that a declaratory decree be passed declaring the appellant the right to lay certain types of roofs under the Constitution, Rules, By-Laws, and Charter Grants of the Building and Construction Trades Department of the American Federation of Labor; "that a declaratory decree be passed whereby the defendants, their officers, agents and servants and other persons acting under their authority shall be perpetually enjoined from laying any roofs other than those constructed of wood and metal tile and regardless of the method of application"; that the Court declare the rights of the parties with reference to the complaints therein set out; and for other and further relief.
From an order sustaining the demurrers filed by the defendants, and dismissing appellant's third amended bill of complaint, the appellant appeals to this Court.
Appellant contends that the Charter Grants are its contracts of relation with the fellow membership of the organization by which it is entitled to lay all shingles *Page 36 
except wood and metal tile, and further under Code of 1939, Article 31A, § 2, it being a person interested under such contract may "obtain a declaration of rights, status or other legal relations thereunder."
It is alleged, however, in the bill of complaint by appellant, as hereinbefore pointed out, that in the last two conventions of the American Federation of Labor held in October, 1941 and 1942, all the International Unions therewith affiliated were given these specific Charter Grants or contracts, which the appellant now seeks to have construed by the Court here, pertaining to the jurisdiction of each International Union and their locals as to just what types of work each should do. In the case at bar only the local unions are made parties. The other parties to the contracts who have an interest in the dispute are not in Court here.
We must therefore note that under Section 11 of Article 31A,supra, "When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." By Section 13 of the same article the word "person" wherever used in that article "shall be construed to mean any person, partnership, joint stock company, unincorporated association, or society, or municipal or other corporation of any character whatsoever."
It was said by this Court in the case of Saunders v. RolandPark Co., 174 Md. 188, at page 193, 198 A. 269, at page 270, decided April 6, 1938 that under the provisions of Section 11 of the Uniform Declaratory Judgment Act (not then in effect in Maryland, now Article 31A, supra, Acts of 1939, Chapter 294, Section 11, effective June 1, 1939), and also in jurisdictions where, as in Maryland, at that time, no such express provisions existed, the practice appeared to be to summons all persons affected. See cases there cited.
With Code of 1939, Article 31A, § 11, supra, now in effect there is no doubt that all parties who have any *Page 37 
interest which would be affected should be summoned. By Chapter 724 of the Acts of 1945, Article 31A was repealed and re-enacted with amendments not now material; no changes were made in Sections 2, 11 or 13, supra.
For the reason that sufficient and necessary parties were not before the Court to grant the relief prayed and that therefore a declaratory decree would not settle the dispute, the Chancellor was correct in sustaining the demurrers and dismissing the third amended bill of complaint, the amendments not having been properly made. United Brotherhood of Carpenters et al v. UnitedSlate Tile and Composition Roofers, 181 Md. 280, 282,29 A.2d 839, supra. From the argument it appears that the indispensable parties not in Court here, may never be parties to this dispute in any Court in this State. Miller's Equity Procedure,
Section 27, page 36.
We do not mean to intimate that if the necessary parties are here in Court, which situation is not before us at this time, we have any right to adjudicate what appears to be a national dispute, or that suit could be otherwise maintained here. We suggest no opinion on any question that might arise in such circumstances. Compare Code 1939, Article 100, § 64 to 100, § 75 inclusive, Acts of 1935, Chapter 574; Green v. Obergfell, 73 App. D.C. 298, 121 F.2d 46, 138 A.L.R. 258, certiorari denied314 U.S. 637; Blandford v. Duthie, 147 Md. 388, 128 A. 138;Loughran Co. v. Lord Baltimore Candy Tobacco Co., 178 Md. 38,12 A.2d 201.
Decree affirmed, with costs. *Page 38