Argued September 18; reversed October 9, 1945

# STATE INDUSTRIAL ACCIDENT COMMISSION *v.* MILLER

(162 P. (2d) 146)

*Ray H. Lafky,* of Salem, for appellant.

No appearance for respondent.

BAILEY, J. This suit was instituted by the plaintiff, State Industrial Accident Commission, on December 13, 1944. In its complaint it is alleged that defendant Miller is engaged in and employs workmen in a hazardous occupation subject to the provisions of the workmen's compensation law; that the commission has reviewed the facts and records pertaining to such employment of labor by defendant and has determined that it is necessary for the protection of the state industrial accident fund to require the defendant "to make a deposit and keep on deposit with the commission a sum equal to the contributions due the commission upon the estimated payroll of the defendant for a period of three months, and that the estimated payroll of the defendant in a hazardous occupation for a period of three months is $4800.00, and the contributions due the state industrial accident fund thereon is the sum of $225.00''; that in February, 1944, plaintiff demanded of defendant that he deposit with the commission the sum of $225, or, in lieu thereof, a bond to secure the payment of contributions to become due the accident fund, and that the defendant has failed to comply with the commission's request.

It is further alleged that the defendant has failed and refused to pay contributions, interest and penalty due the commission "on account of employment of workmen by defendant in said hazardous occupation'' and that there was due to the commission from the defendant on account of such employment from April 5, 1942, until July 31, 1944, the sum of $1261.15; that between August 1, 1944, to and including December 31, 1944, defendant had employed workmen in the hazardous occupation of painting, that no monthly reports or remittances were made by the defendant for that period, and that there is due and owing to the commis-

sion from the defendant an undetermined amount of contribution for that period.

In its prayer, the plaintiff asks for an order enjoining and restraining defendant from further employing workmen in hazardous occupations under the provisions of the workmen's compensation law until the defendant has performed the following acts:

"1. Made reports and accounting upon all employment of workmen in hazardous occupations for the period of August 1, 1944, until October 31, 1944, and paid the state industrial accident fund contributions required by law to be paid on account of said employment.

"2. Paid to the state industrial accident fund all accrued contributions, penalty and interest from said hazardous employment amounting to the sum of $1261.15, covering the period of April 5, 1942, until July 31, 1944.

"3. Made a deposit with the commission in the amount of $225.00 or posted a bond in lieu thereof to secure payment of contributions to become due the accident fund."

Upon the filing of the complaint the court entered an order requiring the defendant to appear on January 4, 1945, at 2 p. m. "to show cause, if any exist, why the relief prayed for in plaintiff's complaint herein should not be entered against him." At the time fixed by the order the defendant appeared in person, but he did not file any motion, demurrer or answer. In the order, which was not entered until February 1, 1945, it is recited that the defendant "admits his indebtedness to the plaintiff but questions the rate of contribution assessed," and that plaintiff "admits that the rate of contribution was computed pursuant to 102-1738, O. C. L. A.; upon a percentage computed by using amounts

paid in and amounts paid out on defendant's account." The order of the court then proceeds as follows:

"It is, therefore, ordered that plaintiff recompute the defendant's account and in so doing assign new rates pursuant to 102-1738 on the basis of the amounts required by law to be paid rather than the amounts actually paid.

"It is further ordered that such new determination of liability be filed with this court and the defendant is ordered to pay plaintiff the sum of Fifty Dollars per month on such sum as is found to be due commencing with February 5, 1945.

"Defendant is further ordered to advise plaintiff of the nature and location of all employment hereafter undertaken at or before the time of such employment.

"Plaintiff's request for an injunction or deposit equal to three months' contributions is denied."

On the same day that the foregoing order was entered plaintiff filed a motion in which it requested an order granting the relief prayed for in its complaint, and "setting aside that certain order [being the order above referred to] based upon hearing herein on January 4, 1945, for the following reasons:" (1) That the $1261.15 alleged in the complaint as due to July 31, 1944, is the amount remaining unpaid on a judgment entered by that court on October 31, 1944, in case No. 157-579; (2) That the provisions of § 102-1743, O. C. L. A., are mandatory and require the circuit court upon such proceedings to either issue the injunction or require a deposit or bond to be made and maintained.

Accompanying this motion is the affidavit of F. C. Gast, comptroller and assistant commissioner for the state industrial accident commission, in which he states that the $1261.15, above mentioned, is the balance due on judgment entered in that court, and that the records

of the commission show that the defendant is indebted to the commission in the sum of $332 from August 1, 1944, to December 31, 1944. Affiant further states that pursuant to the directions of the court given upon hearing on January 4, 1945, defendant's account had been recomputed from January 1, 1941, "and rates were adjusted by computing defendant's experience upon amounts required by law to be paid in place of using amounts actually paid by defendant and that upon the basis of such computation ordered by this court the defendant would owe the sum of $564.98 as of December 31, 1944." The affidavit further sets forth that the defendant had been operating subject to the workmen's compensation act since January, 1941, and had failed to make any of the monthly reports or remittances required by law.

This motion came on for hearing on February 1, 1945, and the order which was entered on the same day, denying the motion, reads in part as follows: "The court finds that the defendant owes the plaintiff $564.98 to December 31, 1944. Wherefore it is ordered that defendant pay said sum to plaintiff according to the terms of the aforementioned order of January 4th and that the motion of the plaintiff to set aside said order and grant the relief prayed for in the complaint is denied."

From both of the above-mentioned orders plaintiff has appealed.

Plaintiff bases its right to relief on § 102-1743, O. C. L. A., as amended by chapter 291, Oregon Laws 1941. This section, insofar as material to the discussion before us, reads as follows:

"If the commission shall find it necessary for the protection of the state industrial accident fund

it may require any employer * * * to deposit * * * and keep on deposit with the commission a sum equal to the contributions due the commission upon his estimated payroll for a period of three months. The commission may, in its discretion and in lieu of such deposit, accept a bond to secure payment of the contributions to become due the accident fund. The deposit or the posting of the bond, as provided in this section, shall not relieve the employer from making contributions to the accident fund based on his actual payroll, as provided by section 102-1736. * * * The circuit court of the county in which an employer resides or in which he employs workmen, in the event such employer fails to comply with the provisions of this act and, upon the commencement of a suit by the commission for that purpose, shall enjoin such employer from further employing workmen under the provisions of this act until such employer has complied with this section. Upon filing of a suit for such purpose by the commission, the court shall set a day for hearing and shall cause notice thereof to be served upon the employer, and said hearing shall be not less than five nor more than 15 days from the service of such notice.''

The commission apparently has misinterpreted the provisions of the foregoing section; otherwise, it would not have asked, among other relief, that the defendant be enjoined ''from further employing workmen in hazardous occupations'' until (1) he had paid contributions due the commission for the period from April 5, 1942, to and including July 31, 1944, amounting to $1261.15, and (2) he had made a report showing the amount of contributions due the commission for the period of August 1, 1944, to and including October 31, 1944, and had paid it.

■ Injunction is an extraordinary remedy. Its primary object is preventive; its province is to afford relief against future rather than past acts. By the en-

actment of the section here under discussion, it was not the intention of the legislature to authorize the use of the injunction to coerce an employer to pay an existing indebtedness, but to permit its use to prevent a financially irresponsible employer from incurring future indebtedness without first securing its payment. The bond which the commission is authorized to accept in lieu of the deposit is "to secure payment of the contributions to become due the accident fund." The amount of the deposit, or bond, is "a sum equal to the contributions due the commission upon his estimated payroll for a period of three months."

■ There is no language in § 102-1743, *supra,* which can be construed as authorizing the court to enjoin an employer from employing workmen until he has "made reports and accounting upon all employment of workmen in hazardous occupations" for any period.

In this proceeding the commission is not attempting to recover judgment against the defendant for any indebtedness due it. The averments in the complaint as to the amount which is owing the commission from the defendant were, as we understand, for the purpose of showing that he was not responsible financially, in order to fortify the commission in its demand that the accident fund be protected against his failure to make contributions on future operations.

It is disclosed by the record before us that the $1261.15, which the complaint alleges is the amount of contributions, interest and penalty due the accident fund from defendant for the period from April 5, 1942, to July 31, 1944, is the amount unpaid on a judgment entered in favor of the commission and against the defendant on October 31, 1944. Regardless of the fact that this indebtedness has been reduced to judgment,

the circuit court ordered the commission to recompute the amount in which the defendant was indebted to the commission as of December 31, 1944.

The law in effect at the time of the trial, § 102-1738, O. C. L. A., as amended by chapter 160, Oregon Laws 1943, provided that when an employer has been a contributor to the industrial accident fund for a period of one full fiscal year, he shall be entitled to an experience rating and his rate of contribution to the fund shall be determined as follows: "If the total amount paid out of the industrial accident fund or set apart therefrom, as hereinafter provided, on account of injuries sustained by the workmen of an employer, together with all costs incidental to such claims, is less than 40 per cent of the contribution to said fund by such employer during the period since the employer became subject to this act, * * * the rate of contribution of such employer during the following fiscal year shall be reduced by 50 per cent of the amount hereinbefore prescribed". Other provisions follow giving an employer less reduction when costs incidental to claims for injuries are 40 per cent or more.

■ The determination of whether it is necessary, for the protection of the accident fund, that an employer shall be required to make a deposit, is delegated to the commission and not to the courts. The amount of such deposit is also in the first instance to be computed by the commission. However, if injunctive relief is sought by the commission to enforce its demand, the court is not concluded by the commission's finding as to the amount of the required deposit, as the commission may not have correctly determined the experience rating to which the employer is entitled.

On the hearing in the circuit court, in response to a question by the court, the attorney for plaintiff stated that the experience rating allowed defendant by the commission was determined by using the amount of money actually paid into the fund by him and not on the amount required by law to be paid. Thereupon the court orally ordered the plaintiff to recompute the defendant's account "on the basis of the amounts required by law to be paid rather than the amounts actually paid." After such recomputation, the court found that the defendant's entire indebtedness to the commission as of December 31, 1944, was $564.98. It, however, refused to grant any injunctive relief to plaintiff.

■ We do not consider it necessary on this appeal to determine whether the circuit court placed the correct construction on § 102-1738, O. C. L. A., as amended by chapter 160, Oregon Laws 1943, for the reason that the legislature in 1945 (chap. 428, Oregon Laws 1945) further amended it by providing that the experience rating to which an employer is entitled shall be computed upon the basis "of the contribution paid into said fund" by him. But, regardless of the rate of contribution applicable to defendant's operations, the court should have enjoined him from further employing workmen subject to the workmen's compensation act until he had deposited with the commission a sum of money equal to the contributions which would be due the commission upon his estimated payroll for a period of three months, or had posted a bond in lieu of such deposit.

■ By the provisions of § 102-1743, O. C. L. A., as amended by chapter 291, Oregon Laws 1941, a positive duty is imposed upon the court to grant injunctive

relief to the commission when the conditions set forth therein are made to appear. 28 Am. Jur., Injunctions, § 35, p. 230; *Sawyer v. Termohlen,* 144 Iowa, 247, 122 N. W. 924; *Algiers R. & Lighting Co. v. New Orleans R. & Light Co.,* 137 La. 579, 68 So. 960.

The circuit court exceeded its power when it attempted (1) to determine in this case the defendant's indebtedness to the commission, and (2) to provide for the payment of that indebtedness in monthly installments. Those issues are not involved here. Moreover, the amount of defendant's indebtedness, up to and including July 31, 1944, had already been adjudicated. That judgment was immune from attack in this proceeding. Even in instances where the court has jurisdiction to enter judgment against a defendant, it is not authorized to provide for the payment thereof in installments.

The two orders appealed from are therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.