L. S. McCONKIE, Plaintiff, v. H. M. REMLEY, Judge of The 18th Judicial District of Iowa.

Intoxicating Liquors: BAR TO PROSECUTION; REMOVAL OF: ADJU-
1    DICATION: ON WHOM BINDING. The filing of a sufficient petition as provided in Code, sections 2448 and 2449, *ipso facto*, removes the bar to prosecution for the sale of intoxicating liquor, and the district court has jurisdiction to determine the sufficiency of such petition, and its adjudication is binding upon all who may be interested in the same question.

Same: FORMER ADJUDICATION: PROOF OF. A decree of the dis-
2    trict court is presumed to be regular, until the contrary appears, and where a former adjudication is relied upon, which shows on its face what the issues were and what was in fact decided, the introduction of the original notice and pleadings is not necessary.

Right to Sell Liquor:  REVOCATION OF.  The right to sell liquor is
3    not a private or property right, but may be revoked at any
     time without notice.

### Friday, February 6, 1903.

Certiorari to review the action of defendant, while acting as judge of the district court of Cedar county, in adjudging plaintiff guilty of contempt of court in violating a decree enjoining him from selling intoxicating liquor in said county.—*Dismissed.*

*Jamison & Smyth* for plaintiff.

*Chas. W. Kepler* for defendant.

Deemer, J.—The return filed by defendant shows that on the 14th day of November, 1899, plaintiff and others were enjoined from selling intoxicating liquors at any place within the Eighteenth judicial district.  On 'January 10, 1902, an information was filed charging plaintiff with violation of this decree, by selling intoxicating liquors at Stanwood, in Cedar county.  In response to this, plaintiff filed a showing in which he claimed that from and after November, 1901, the mulct law was in force in Cedar county —particularly in the town of Stanwood,—and that all sales of liquor made by him were in accord with the provisions of that law.  On behalf of the informants a decree in a case entitled "*Davidson v. Smith et al.*," rendered by the district court of Cedar county on September 4, 1901, holding that the mulct law was not in force in Stanwood, was introduced in evidence.  Plaintiff offered in evidence the records of the board of supervisors of Cedar county, showing a finding by that body that the statements of consent to the establishment of saloons in Cedar county, and particularly in Stanwood, were sufficient.  The record further recites the following: "That on.

February 26 and 27, 1900, there was filed in this office
[county auditor's] petitions of forfeiture and revocation of
said petition, signed by sixty-six persons, said to live in
the town of Stanwood, and Fremont township, and that
the board of supervisors of Cedar county have never can-
vassed or passed upon said petition of forfeiture or revo-
cation.     Said certificate further certifies that L. S.
McConkie has filed in this office on November 12, 1901, a
bond, a resolution adopted by the city council of Stan-
wood, consenting to the running of a mulct saloon, con-
sent of resident freeholders owning property within fifty
feet, and a list of employes in said saloon, as provided for
under section 2448 of the Code of Iowa." On this record
the defendant made the following finlings and judgment:
"First.     That the defendant L. S. McConkie has been
enjoined from selling intoxicating liquors anywhere in
Cedar county, Iowa, or within the Eighteenth judicial
district of Iowa, and that said injunction is in full force
and effect.    Second.    That he has been, and is now, run-
ning a saloon in the town of Stanwood, Cedar county, Iowa,
and that there is no evidence before the court that he has
violated the conditions of the mulct law.    The court finds,
third, that the said mulct law is not now in force in the in-
corporated town of Stanwood.    Fourth.    That it has been
adjudicated in the case of *S. M. Davidson v. Charles
Smith, and Paul Burmeister* that there has been filed
with the county auditor of Cedar county, Iowa, in Febru-
ary, 1901, a verified petition, signed by the majority of the
voters of the incorporated town of Stanwood, as shown by
the list of voters at the last general election, requesting
that the bar to prosecutions for the selling of intoxicating
liquors in said incorporated town of Stanwood, in Cedar
county, Iowa, be removed, and that by the adjudication
in said action it has been determined and adjudicated
that said petition did contain a majority of the voters who
voted at the general election next preceding the filing of

said list of voters with the auditor, and that the defendant L. S. McConkie is bound by said adjudication. Wherefore it is found and adjudged that the said L. S. McConkie is in contempt of court, and it is ordered and adjudged that he shall pay a fine of $300 and the costs of this proceeding, and that he be confined in the county jail at Tipton, Iowa, three months, or until said fine be paid. To all of which the defendants except."

It is contended that defendant was without jurisdiction, and that he acted illegally and erroneously in considering the decree in the *Davidson Case* as an adjudication of the sufficiency of the revocation of the statement of consent to the sales of liquor in the town of Stanwood. The decree in that case was passed in an action brought by a citizen of the county to restrain Smith and Burmeister from selling liquor in the town of Stanwood; and the court trying that case found and decreed "that some time before the commencement of this suit by the plaintiff against the defendant there was duly filed with the auditor of Cedar county, Iowa, a verified petition, signed by the majority of the voters of the incorporated town of Stanwood, in said Cedar county, Iowa, as shown by the last general election, requesting that the bar to prosecution for selling intoxicating liquors in said incorporated town of Stanwood, Cedar county, Iowa, as provided for in sections 2448 and 2449 of the Code of Iowa, be removed, and that by reason thereof the defendants became liable for the sale of intoxicating liquors under the prohibitory laws of Iowa after the filing of said petition with the auditor of said county." This was never appealed from, and must be treated as a verity. And if binding on plaintiff, there is no doubt of the legality of the proceedings finding him guilty.

Plaintiff contends that the decree is not binding on any one save the immediate parties to the suit, and that he had the right to relitigate the question there involved, or that, in any event, the court was not justified, on the

showing made, in finding him guilty of contempt. If the question before the defendant, acting as judge of the district court, had been the sufficiency of the statements of consent, instead of the question of revocation, we should be inclined to agree with plaintiff in his contention that he was not bound by the finding in the *Davidson Case*, unless that finding had been made on an appeal from the conclusion of the board of supervisors, as provided in section 2450 of the Code. But this is not the point now before us. In the *Davidson Case* the trial court found that a majority of the voters living in the town of Stanwood had filed a petition requesting that the bar to proceedings for the sale of intoxicating liquors in said town should cease, and that all persons should be liable to the same extent as if no statements of consent had been filed. This revocation was filed under section 2451 of the Code; and that section, in express terms, provides that when such petition is filed the bar is removed, and that all persons become liable for sales made after the filing thereof. The board of supervisors is neither permitted nor required to pass upon the sufficiency of this petition. The filing thereof *ipso facto* removes the bar. As neither the board of supervisors, nor any other inferior tribunal, is authorized to pass upon the sufficiency of this petition, the district court, in a proper case, may and must adjudicate the question. Ordinarily its adjudication is binding on no one but the immediate parties to the litigation or their privies. In some cases, however, the decree of a district court is binding not only on the parties, but upon all others who may be interested in a like question. *Silvers v. Traverse*, 82 Iowa, 52; *Cannon v. Nelson*, 83 Iowa, 242; *Clark v. Wolf*, 29 Iowa, 197; *Lyman v. Faris*, 53 Iowa, 498.

Davidson brought his action not to enforce any private right or to redress a private wrong, but to secure the determination of a question in which all the citizens of

*(margin note: 1. BAR to prosection: removal of: adjudication: on whom binding.)*

the town of Stanwood, as well as all the people of the county generally, were interested, to wit, was the petition of revocation sufficient to remove the bar created by the terms and provisions of the mulct law?  In that question he had no more interest than any other citizen in the same situation. The action was therefore public in its nature, and for the public benefit.  *Cameron v. Kapinos*, 89 Iowa, 561; *Conley v. Zerber*, 74 Iowa, 699; *Dickinson v. Eichorn*, 78 Iowa, 710.

Had Davidson failed in his suit, we apprehend it would not be seriously contended by any one that the county, in the absence of proof of collusion or fraud, was not bound by the adjudication.  Mutuality is one of the essential elements of an estoppel; hence it follows that, if the inhabitants of the town and county were bound by a decree holding the petition of revocation insufficient, they may also claim the benefit of a finding that it was sufficient.  And so if plaintiff in this case could have relied on a finding in the *Davidson Case* that the petition of revocation was insufficient,—which he undoubtedly could have done,—he unquestionably should be concluded by a finding to the contrary.  When it is found that Davidson's action against Smith *et al* , was for the benefit of the public, and it is conceded that, whatever the finding, it was binding on all the individuals interested therein, the case is determined.  Moreover, it appears that the defendant expressly found that the mulct law was not in force in the town of Stanwood.  See third division of his opinion.  There was evidence from which he might have come to this conclusion, independent of the decree in the *Davidson Case*, as will appear from the foregoing statement with reference to the petition for revocation.  This in itself is sufficient to dispose of the case.

It is said in argument that the decree in the *Davidson Case* did not determine the sufficiency of the petition for revocation, for the reason that there were other issues in that case which were determinative of it, and that the

decree might well have been bottomed on some of these

2. SAME: form-
er adjudica-
tion: proof
of.

issues. There is no room here for such a con-
tention. That decree expressly found that the
mulct law was not in force in the town of
Stanwood, by reason of the filing of the petition for rev-
ocation. There is no place, then, for presumption or
inference. The district court which rendered the de-
cree is a court of general jurisdiction, and its findings
are presumed to be regular until the contrary appears.
There was no necessity for introducing the original notice
and the pleadings in the case, for the decree shows on its
face what the issues were, and what was in fact decided.

Plaintiff further contends that he had a private right
of which he could not be deprived by an action to which
he was not a party. Let us see what that right was. He

3. RIGHT to
sell liquor:
revocation.

was operating a saloon in the town of Stan-
wood, and, no doubt, had a bar and fixtures,
liquors, etc.; but he had no absolute right to continue in
the saloon business. That was a mere license or privilege
given him by the statements of consent and compliance
with the other provisions of the law, but these were sub-
ject to revocation at any time, and without notice to him.
A liquor license or privilege has never, we think, been
held to be a property right which cannot be revoked.
These privileges are revocable, and may be taken away
without notice or opportunity to be heard. This propo-
sition is so plain that we shall not take the time to gather
the authorities in its support. The case is materially
different from *Hine v. Railroad Co.*, 42 Iowa, 636. There
the controversy was over a railway right of way, and it
was held that the railway company was not concluded by
a decree against the city in a suit brought by an individ-
ual with respect to the property claimed by that company.

The district court had jurisdiction, and did not act
illegally in finding the plaintiff guilty of contempt. The
writ is therefore DISMISSED.