JAMES T. HOLT *v.* LLOYD MOXLEY ET AL.

[No. 3, October Term, 1929.]

*Decided October 30th, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*F. Murray Benson,* for the appellant.

*L. Harold Sothoron* and *P. Michael Cook,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

The appellant, who sues for himself as a landowner and taxpayer of the town of Brentwood, in Prince George's County, and all other landowners and taxpayers who would come in and be made parties to the suit, filed his bill in the Circuit Court for Prince George's County, for the purpose of attacking the validity of the Act of 1927, chapter 167, which empowered the Mayor and Town Council of Brentwood to improve any of the streets of the town, to borrow money for the improvements, and to levy the cost on any street against the property abutting on the streets so improved. The bill alleged that the appellant owned land abutting on Dewey Street in the town, and prayed an injunction restraining the appellees from doing any act under the provisions of the Act of 1927, and from levying or collecting from any of the real estate on Dewey Street for the cost of paving the same.

The ground of the attack on the act of assembly was that its provisions were not sufficiently set forth in the title of the act, as required by section 29 of article 3 of the Constitution of Maryland.

The defendants (appellees) answered, admitting all of the allegations of the bill except the charge of unconstitutionality of the act of assembly, and then made the defense that "the case of *Frederick C. Clough et ux. v. Lloyd V. Moxley et al.,* Equity No. 7080, decided by this court on January 24, 1928, was a suit against the herein named defendants, brought by the same class of plaintiffs as the plaintiff herein, involved the same act of the General Assembly of Maryland as herein involved, and the same relief was prayed for as in the case before this court, which relief was denied and the case decided against the plaintiff; that the decision of the court was not appealed from and the decree became final; that the plaintiff herein did not move to be made a party plaintiff or intervene in the said suit of *Clough et ux.*," all of which proceedings were prayed to be made a part of the answer.

The case was submitted to the circuit court on bill and answer, and, the decision being favorable to the contention of the defendants that the subject-matter of the suit was *res judicata,* the plaintiff appealed.

The appellant contends that he had no knowledge of the suit of Clough against the appellees, though it is not so alleged in either bill or answer, and that unless he had such knowledge he is not bound by the former decree. This court has held in many cases that, where a party is interested in the subject-matter of a suit and knowingly allows it to be pursued to a final decree without intervening or participating in the proceedings, he may be bound by the result. See *Snavely v. Berman,* 143 Md. 75, 77; *Perkins v. LeViness,* 134 Md. 252, 262; *Bernstein, Cohen & Co. v. Stansbury,* 119 Md. 316, 318; *Abramson v. Horner,* 115 Md. 232, 246; *Murphy v. Coale,* 107 Md. 198, 208; *Williams v. Snebly,* 92 Md. 9, 21; *Albert v. Hamilton,* 76 Md. 304, 309; *Parr v. State, use of Cockey,* 71 Md. 220, 235.

The plaintiffs in both cases are residents of Brentwood, and both sought to enjoin the same prospective liens for paving on Dewey Street. Clough was unsuccessful in his attempt, but abided by the result of his endeavor, which sustained the constitutionality of the act of assembly authorizing the paving lien. The appellant asked the same court to reverse itself on the precise question and on the same facts alleged in the *Clough* case, and from an unfavorable decision asks this court to reverse the second decree, because he is not bound by the decree in the *Clough* case, for the sole reason that knowledge of the first suit must be brought home to this appellant. In the case of *McIntosh v. Pittsburgh,* 112 Fed. 705, a resident of Iowa, owning property in Pittsburgh, through which the city undertook by an ordinance to open and extend a street, brought suit to enjoin the city. The defense was a former adjudication of the subject matter of her suit and, though it seems not to have been pretended that she knew anything about the former litigation or of the passage of the ordinance under attack, the court said: "Knowledge of the passage of this ordinance must be im-

puted to the complainant." This must be true, or there can be no such thing as "class" or "virtual" representation. If it were otherwise it would be necessary to make every one of a class a party to the suit or have a succession of suits until all of the class had been personally bound by decree.

As to the right of taxpayers to seek relief in equity against unlawful assessments, and the attitude of courts toward such procedure and the effect of decrees in such cases, it is said in *Pomeroy's Equity Jurisprudence* (3rd Ed.), 449, sec. 270: "Notwithstanding the adverse decisions, the weight of judicial authority in favor of this conclusion and of exercising the jurisdiction under every form of local assessment, general tax, municipal debt or other public burden by which taxation would be increased is very decided. On principle, no distinction can be discovered between the case of such taxpayers and the instances in which the jurisdiction has been repeatedly exercised and fully established on behalf of a common body of separate claimants. Each taxpayer has a remedy by action at law; but it is to the last degree inadequate and imperfect, and often nominal, since he must wait until the wrong against himself has been accomplished before he can obtain redress; and at best, the rights of all can only be secured even in this incomplete manner by an indefinite number of litigations. By means of the equitable jurisdiction the whole controversy and the rights of every individual taxpayer can be finally determined in one judicial proceeding by one judicial decree. This is not a plausible theory; it is a fact demonstrated in the constant judicial experience of numerous states."

The doctrine or principle of class representation as to taxpayers and property owners, which the appellee urges as applicable to this case, is stated in 1 *Freeman on Judgments* (5th Ed.), sec. 437, as follows:

"Where a taxpayer or property owner brings an action against a city, county or other public corporation or its officers upon a matter of public and general interest to all other taxpayers or property owners of such political sub-division, and the action either expressly or by necessary implication is

on their behalf, they are equally bound by the adjudication and a judgment on the merits is a bar to any subsequent proceeding by them or any of them, seeking similar relief under the same facts. The principle of mutuality makes such a judgment or decree equally conclusive in favor of other citizens and taxpayers. The fact that the first proceeding is in mandamus and the second in equity, or vice versa, is immaterial. The rule governing the effect of a decree in such a suit in equity is the same as though the proceedings had been in the name of the State or its representatives on the relation of the taxpayer, in which case, where the matter is one not involving or dependent upon private interest, the adjudication is not confined in its effect to the individual relators, but binds all others of the same class.

"The rule has been applied in suits to enjoin the issuance of bonds, the expenditure of municipal funds, the enforcement of a law because unconstitutional, the holding of an election, and canvassing of votes polled at an election, the collection of taxes or local assessments for street work, except as the latter may involve private interests not represented in the first suit."

The doctrine of class representation and the binding effect of the decree in such cases has been recognized by this court in the cases of *Baltimore City v. United Rys. Co.*, 108 Md. 64, 71; *LeViness v. Consolidated Gas Co.*, 114 Md. 559, 567, 28 Ann. Cas. 1913 C, 649; *Meredith v. Washington Loan & Trust Co.*, 151 Md. 274, 282. Although the effect of a prior adjudication has not been before this court in the case of taxpayers and property owners, the principle has been, by implication, adopted by this court in the recognition of the right of taxpayers as a class to invoke the equity jurisdiction of the courts of this state to relieve them of the burdens imposed by the unlawful or unauthorized acts of municipal corporations (*Baltimore v. Gill*, 31 Md. 375, 395, and note to Perkins' Edition), the reason this case has no precedent in Maryland probably being that all not parties to the litigation have, until the present exception, yielded to the decrees of our courts in such cases.

The doctrine has been applied to municipal litigation to avoid unlawful burdens being placed on taxpayers and property owners, and the great weight of authority holds the decrees in such cases to be *res judicata* as to all persons whose rights and property may be similarly affected by the results of the litigation. *People ex rel. Chilcoat v. Harrison,* 253 Ill. 625, 26 *Ann. Cas.* 1913 A, 539; *Tallassee v. State ex rel. Brunson,* 206 Ala. 169, 20 *A. L. R.* 1127 and note; *City of El Reno v. Cleveland-Trinidad Paving Co.,* 25 Okla. 648, 27 L. R. A. (N. S.) 650; *Lee v. Independent School District,* 149 Iowa, 345, 37 L. R. A. (N. S.) 383; *McConkie v. Remley,* 119 Iowa, 512; *Gallaher v. City of Moundsville,* 34 W. Va. 730, 26 Am. St. Rep. 942; *Sabin v. Sherman,* 28 Kan. 289; *Stallcup v. Tacoma,* 13 Wash. 141, 52 Am. St. Rep. 25; *Montgomery v. Walker,* 154 Ala. 242, 129 Am. St. Rep. 54; *McIntosh v. Pittsburgh, supra.* It is essential that such suits be free from fraud and collusion, and proceed with the utmost fairness and good faith. 15 *Encyc. Pl. & Pr.* 628.

It is also contended that the *Clough* case, although the subject matter of the instant case, was the private suit of the Cloughs, because not brought by them on behalf of any other taxpayer and property owner who might come in and contribute to its expense. The rule as stated in 15 *Encyc. Pl. & Pr.* 632 is that "the bill must be so framed as to allow all the absent parties to come in under the decree, and where it does not purport to be filed by the complainant for himself and in behalf of all others having similar interests it will be defective for want of parties unless the requirement of the general rule as to bringing in all persons interested is complied with, and the defect may be raised by demurrer or plea." *Miller's Equity Proc.* 49, Mr. Miller, in a note citing *Richmond v. Irons,* 121 U. S. 27, 51, 30 L. Ed. 864, 872, saying: "But if defective in this respect the bill may be amended at the hearing." In that case the court said of such an amendment: "Its only effect was to make the bill profess to be in law what it was, and what in point of fact it had been considered to be." This court, in *Kelly v. Baltimore,* 53 Md. 134, which was a bill filed by disappointed bidders for

a city contract, said: "The bill is filed by the complainants in their own right as co-partners * * * and as taxpayers of said city, largely interested in the faithful and economical administration of the affairs of said city. It is not filed in behalf of themselves and others who may come in and contribute to the expenses of the suit. They do not make their fellow citizens parties to the proceeding. No one except the persons immediately interested in the contract, and professing to be aggrieved by the award, unites in the complaint. It is therefore, strictly speaking, a private bill." The opinion then goes on to show that the wrongs complained of were personal to the plaintiffs, concerned only with matters of administration, in which the plaintiffs had no interest as taxpayers differing from those of the general public, and affirmed the dismissal of the bill on that ground.

In *Le Viness v. Consolidated Gas. Co.,* 114 Md. 559, 568, appears the following quotation from *Story's Equity Pleading,* sec. 120: "Indeed, in most, if not all cases of this sort the decree obtained upon such a bill will ordinarily be held binding upon all other persons standing in the same predicament, the court taking care that sufficient persons are before it honestly, fairly and fully to ascertain and try the general right in contest." *Freeman on Judgments, supra,* says the action must "either expressly or by necessary implication" be on behalf of the taxpayers or property owners as a class.

The defendants (mayor and councilmen) in the *Clough* case did not demur to the bill for want of the averment that it was brought on behalf of other interested taxpayers and property owners, a formality which we can consider waived by the only parties who could have objected. There was an allegation in the bill that the plaintiffs were citizens of Brentwood, owning property on that part of Dewey Street which was to be improved under the authority of an ordinance passed in pursuance of the Act of 1927, the constitutionality of which was questioned. Their status was precisely the same as every other lot owner on the part of Dewey Street to be improved, and their property was about to be subjected to a paving lien imposed by virtue of an act of assembly, the

626

invalidity of which was charged. The allegations of the bill in the *Clough* case and in the instant case present exactly the same questions of law and fact and a court, the jurisdiction of which is not questioned, decided that the Act of 1927 was valid and dismissed the bill. There is no suggestion that the *Clough* case was not brought in good faith and was not tried on its merits.

It is our opinion that the issues raised by the bill in the case now before us were foreclosed by the decree in the *Clough* case, and that decree is *res judicata* as to this. This decision eliminates the question of the constitutionality of the Act of 1927, chapter 167, as one not before us on the present appeal.

*Decree affirmed, with costs to the appellees.*