LEROY W. SAUNDERS ET AL. *v.* ROLAND PARK COMPANY

[No. 24, January Term, 1938.]

*Decided April 6th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Charles F. Stein, Jr.*, with whom was *Frederick H. Hennighausen* on the brief, for the appellants.

*R. Dorsey Watkins*, with whom were *Piper, Carey & Hall* on the brief, for the appellee.

*Wirt A. Duvall, Jr., amicus curiae,* with whom on the brief were *A. Walter Kraus, Roszel C. Thomsen, Clater W. Smith, Paul M. Higinbothom, J. Cookman Boyd, Jr.,* and *Theodore C. Waters.*

BOND, C. J., delivered the opinion of the Court.

The appeal is from a declaratory decree, under sections 28 to 34 of article 16 of the Code, that the Roland Park Company may release part of a large tract it has been developing and selling in lots for dwelling houses in the northern part of Baltimore City from a restriction against erection of apartment houses on the tract. The land lies between Charles Street and the York Road, and is known as Homeland; and many lots have been sold and dwellings of a high class built on them. The company has found a section bordering on the York Road difficult to sell for other purposes, and there is a possible purchaser for the erection of an apartment house there, if it can be permitted, but he will not buy in the face of the restriction against it. Some of the owners of lots previously purchased and built on were applied to for their consent to the proposed use, but refused to give it, and protested. The company then brought this proceeding for a declaration that it had a right, without that consent, to dispense with the restriction, under a power, reserved in the deed and agreement imposing the restrictions, to change or modify them; and the protesting lot owners in their own interest, and as representatives of all other owners not named, and certain lot owners' associations, of members not known, are now appellants.

By the terms of the deed and agreement the company was to have and to hold the property subject to restricting covenants expressly made, binding upon it and on all the land included in the tract. A subdivision of the agreement contains restrictions, familiar in deeds for comprehensive developments, against a large number of uses considered noxious in dwelling house districts, with some added provisions for suspension, and at long intervals

for abrogation and annulment, of restrictions by the lot owners. There is a special restriction against erection of an apartment house, reading that: "There shall not be erected or maintained on said tract of land an apartment house, or any house designed, or altered, for occupation for more than one family, or any building containing more than two attached houses." Permitted exceptions to the single dwellings are specified, and these include one that "buildings may also be erected, maintained or used for business purposes on such plots fronting on York Road as may be approved by the Company." A subdivision VII contains the reservation of the right to change or modify: "The Company hereby expressly reserves the right in its absolute discretion at any time to change or modify any of the restrictions, conditions, covenants, agreements or provisions contained in subdivisions III, IV, V and VI hereof, (which contain the restricting covenants), as to any part of said tract then owned by the Company and, with the consent of the then owners, as to any other land included in said tract." And it is under this reservation that the company now seeks to dispense with the restriction against erection of an apartment house. The appellants contend that an agreement that a restriction is to be binding on the company but subject to a power to change or modify must mean something less than that the restriction is not to be binding on the company at all in its discretion, and that the section does not therefore reserve a power to dispense with it altogether.

The company urges that it contemplates a departure only on the York Road side and expressly disclaims any intention of departing from it in any other section. The effect of the declaration sought could not be so confined, however, by construction of the reservation of power, for it is a power over all restrictions and all parts of the tract alike. The company has reserved the right "in its absolute discretion to change or modify any of the restrictions * * * as to any part of said tract," still owned by it, and as to any part already sold, with the

consent of the owners of that part. And obviously the wording is designed to avoid any limitation upon the right of the company to make any changes or modifications in restrictions anywhere on the tract. The claimed right to dispense with the one restriction can be deduced only from this right to dispense with any, as to any part of the tract, and a declaration of the right could only be of right to dispense with any as to any part of the tract. It is by reason of that general effect, presumably, that the suit is in form a representative one; some of those interested in lots in the tract, and some associations, being made respondents in virtual representation of all others. A suit properly against defendants by representation binds all represented. *Holt v. Moxley,* 157 Md. 619, 624, 147 A. 596. And a declaratory decree must have as its purpose the termination of all controversy which might arise over the question on which a declaration is sought. *Borchard, Declaratory Judgments,* 104.

Resort to the Maryland statute on declaratory decrees has been infrequent since its enactment in 1888. *Pennington v. Pennington,* 70 Md. 418, 17 A. 329; *McCoy v. Johnson,* 70 Md. 490, 17 A. 387; *Wethered v. Safe Deposit & Trust Co.,* 79 Md. 153, 28 A. 812; *Wahl v. Brewer,* 80 Md. 237, 30 A. 654; *Getz v. Johnston,* 143 Md. 543, 123 A. 74. It provides that the court is to make a declaration only "in its discretion," and courts of all other jurisdictions in which provision has been made for declaratory judgments or decrees appear to have approved the *dictum* of Chitty, J., in *Austin v. Collins,* 1886, 54 L. T. 903, that: "The rule leaves it to the discretion of the Court to pronounce a declaratory judgment when necessary, and it is a power which must be exercised with great care and jealously." This cannot mean, of course, that the purpose of the Legislature is to be frustrated or opposed in any degree. It is to be furthered. It does mean that the Legislature has recognized that the instances in which declaratory decrees may be appropriate in the unforeseen, varied situ-

ations to be presented cannot be ascertained by general rule, and it has been left to the courts to study the usefulness of a decree and the justice and convenience of its effects in each particular instance, and to govern their action according to their resulting judgment.

In the exercise of this discretion, courts in other jurisdictions have generally followed the rule that all persons who may be affected by the decree sought must actually be made parties by summons; that virtual representation will not be sufficient for the purpose. In the Uniform Declaratory Judgment Act, adopted in many states in this country, there is an express provision (section 11) that: "When a declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding." And under that provision, and in jurisdictions where, as in Maryland, no such express provision exists, the practice appears to be to summon all persons affected, including, in suits concerning termination of restrictions on the use of lots of land, all lot owners in the areas subject to the restrictions. *Borchard, Declaratory Judgments,* 104; *Coke v. Shanks,* 209 Ky. 723, 273 S. W. 552; *Continental Mut. Ins. Co. v. Cochrane,* 89 Colo. 462, 468, 4 P. (2nd) 308; *Ladner v. Siegel,* 294 Pa. 368, 373, 144 A. 274; *Bristol v. Woodward,* 251 N. Y. 275, 281, 167 N. E. 441; *Bach v. Grabfelder,* 233 App. Div. 773, 250 N. Y. S. 552; *Wardrop Co. v. Fairfield Gardens, Inc.,* 237 App. Div. 605, 262 N. Y. S. 95; *Hess v. Country Club Park,* 213 Cal. 613, 2 P. (2nd) 782; *Morton v. Pacific Construction Co.,* 36 Ariz. 97, 283 P. 281.

The present controversy differs from those in cited cases of other jurisdictions in the number and variety of restrictions to be affected by construction of the change and modification of them which the company is empowered to make, and in the number and variety of locations and owners to be affected. Grievances which may arise in the future by a release of one restriction

and another, here and there, by the company or by a successor in title, cannot be foreseen, and consequently a declaration must be made, if at all, without all the effects of the construction before the court, some of which might necessarily influence that construction. And the lot owners as a whole would seem not to have that present community of interest that justifies proceeding against them by representation. This court has come to the conclusion that the case is at least one which should not proceed on that basis, if any case may be. And on that ground the declaration should not be given.

Another closely related question suggested is whether, with all necessary parties summoned, a declaratory decree would be appropriate in this instance, in which it must have the general effect to prejudge so many possible controversies not yet arisen, of so many lot owners, with respect to one restriction and another, merely to settle the doubts of a possible purchaser in one section. See *Ladner v. Siegel*, 294 Pa. 368, 372, 144 A. 274; *Bach v. Grabfelder*, 233 App. Div. 773, 250 N. Y. S. 552; *Wardrop Co. v. Fairfield Gardens, Inc.*, 237 App. Div. 605, 262 N. Y. S. 95; *Di Fabio v. Southard*, 106 N. J. Eq. 157, 150 A. 248; *Kresge Co. v. Railroad Commission*, 204 Wis. 479, 235 N. W. 4, 236 N. W. 667; *Hess v. Country Club Park*, 213 Cal. 613, 2 P. (2nd) 782. That question is left for full argument in another case.

*Decree reversed, and bill dismissed, with costs.*