557 A.2d 260

**BOARD OF COUNTY COMMISSIONERS OF ST. MARY'S COUNTY**

v.

**Viola M. GARDNER, et al.**

**No. 610, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

May 3, 1989.

Theodore P. Weiner (Joseph R. Densford, on the brief), Leonardtown, for appellant.

Alfred A. Lacer (Kenney, Kaminetz and Lacer, P.A., on the brief), Lexington Park, for appellees.

Argued before BISHOP, ALPERT and FISCHER, JJ.

FISCHER, Judge.

The Board of County Commissioners of St. Mary's County appeals from a decision of the Circuit Court for St. Mary's County declaring a county ordinance null and void. The ordinance is a road taxing provision affecting the Longview Beach Subdivision. Appellees are a group of the subdivision property owners.

Appellant mounts numerous attacks upon the action of the circuit court, but we need only discuss the issues relating to parties. Md.Cts. & Jud.Proc. Article § 3–405(c) (1974) states:

> If the statute, municipal or county ordinance, or franchise is alleged to be unconstitutional, the Attorney General need not be made a party but, immediately after suit has been filed, *shall* be served with a copy of the proceedings by certified mail. He is entitled to be heard, submit his views in writing within a time deemed reasonable by the court, or seek intervention pursuant to the Maryland Rules. [Emphasis added.]

Although the amended complaint challenges the constitutionality of the ordinance, the Attorney General was not notified of the circuit court proceedings. It, therefore, follows that the appellees overlooked the clear mandate of the statute. *Pressman v. State Tax Commission,* 204 Md. 78, 102 A.2d 821 (1954); *Givner v. Cohen,* 208 Md. 23, 116 A.2d 357 (1955).

Appellees contend that it was unnecessary in this case to comply with § 3–405(c) for reason that the circuit court did not determine the statute to be unconstitutional but struck it down for other reasons. Under these circumstances, any error may have been harmless. We do not believe, however, that the requirements of § 3–405(c) can be so easily avoided. It is impossible to predict the impact, if any, that the participation of the Attorney General would have had. It is conceivable that the Attorney General may have taken the position that the ordinance was unconstitutional. Moreover, we remind appellees that the word "shall" is pre-

sumed mandatory unless the context indicates otherwise. *Moss v. Director, Patuxent Institution,* 279 Md. 561, 565, 369 A.2d 1011 (1977). We are unable to discern from § 3–405(c) a legislative intent to the contrary.

Since the effect of a failure to follow the § 3–405(c) requirements has not been previously decided, we turn to other jurisdictions which have adopted similar provisions. The consensus is that "service of a copy of the proceedings upon the Attorney General is not only mandatory, but goes to the jurisdiction of the court to hear the action in the first instance." *McCabe v. City of Milwaukee,* 53 Wis.2d 34, 191 N.W.2d 926, 927 (1971); *LaFleur v. Frost,* 146 Me. 270, 80 A.2d 407, 411 (1951); *Johnston v. Bd. of Adjustment and Town Council of Westfield,* 15 N.J.Misc. 283, 190 A. 782, 783 (1937); *Hydraulic Press Brick Co. v. City of Independence,* 38 Ohio App.2d 37, 311 N.E.2d 873, 875–876 (1974); *Commissioners Court of Harris County v. People Nat. Utility Co.,* 538 S.W.2d 228, 229 (1976); *Town of Center v. City of Appleton,* 70 Wis.2d 666, 235 N.W.2d 504, 505–506 (1975). We are not, however, ruling that notice to the Attorney General is jurisdictional.

We also refer appellees, who requested declaratory and injunctive relief, to § 3–405(a)(1) & (2) of the Courts Article. It provides:

(1) If declaratory relief is sought, a person who has or claims any interest which would be affected by the declaration, shall be made a party.

(2) Except in a class action, the declaration may not prejudice the rights of any person not a party to the proceeding.

In *Chairman of the Bd. of Trustees v. Waldron,* 285 Md. 175, 401 A.2d 172 (1979), appellee sought a declaration that a provision of the Md.Ann.Code was unconstitutional. The suit was dismissed for want of a necessary party. In so ruling, the Court of Appeals noted the additional joinder requirements contained in § 3–405(a).

Applying those requirements to the present case, we are faced with an ordinance levying a road tax on property within the Longview Beach Subdivision. While various categories of property are assessed differently, its owners are nonetheless affected by the ordinance. Accordingly, a declaration validating or invalidating the provision directly impacts the interests of such persons. It is, therefore, apparent that, in the event they wish to refile this action, appellees shall join all of the property owners or file a class action in accordance with Md.Rule 2–231.

Appellees argue that the absent property owners are not necessary parties and that, contrary to § 3–405(a)(2), such property owners are bound by the outcome of this litigation. In reliance, appellees cite *Holt v. Moxley*, 157 Md. 619, 147 A. 596 (1929). *Holt* involved a street improvement tax challenged by one affected landowner. The Court of Appeals ruled that the suit was barred by *res judicata*, because the constitutionality of the statute was previously decided in a case brought by the same class of plaintiffs. *Holt*, 157 Md. at 620, 147 A. 596. Although James T. Holt, plaintiff in the latter action was not involved in the prior litigation, the Court ruled that *res judicata* applied. The decision in *Holt* was, of course, reached prior to the adoption of Maryland Rules 2–231 and 2–211 and § 3–405(a)(1) which require that all affected parties be given an opportunity to participate.

Rule 2–211, addressing required joinder of parties, provides in part:

**(a) Persons to be Joined.**—Except as otherwise provided by law, a person who is subject to service of process shall be joined as a party in the action if in the person's absence

(1) complete relief cannot be accorded among those already parties, or

(2) disposition of the action may impair or impede the person's ability to protect a claimed interest relating to the subject of the action or may leave persons already parties subject to a substantial risk of incurring multiple

or inconsistent obligations by reason of the person's claimed interest.

The court shall order that the person be made a party if not joined as required by this section. If the person should join as a plaintiff but refuses to do so, the person shall be made either a defendant or, in a proper case, an involuntary plaintiff.

.     .     .     .     .

**(d) Exception.**—This Rule is subject to the provisions of Rule 2–231.

Subdivision property owners subject to the ordinance are certainly interested persons in litigation determining its validity. They are directly affected by any declaration the court may issue. Disposition of the action, in the absence of such persons, will impede or impair their ability to protect a claimed interest. Further, public officials charged with implementing the ordinance may incur multiple or inconsistent obligations absent joinder of necessary parties in this suit. Inclusion of persons owning property within the scope of the ordinance is, therefore, mandatory.

Recognizing that joinder is occasionally impracticable due to the number of persons involved, the Maryland Rules provide an alternative means for protecting an individual's interest. Rule 2–231 authorizes the use of class actions in such instances. Specifically, class actions are maintainable if separate cases:

> would create a risk of inconsistent or varying adjudications ... that would establish incompatible standards of conduct ... or adjudications with respect to individual members of the class that would ... be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests....

Maryland Rule 2–231(b). Echoing the language of Rule 2–211, Rule 2–231 is especially suited for cases like the one *sub judice.* To trigger its application, the litigants need only comply with its minimal prerequisites. For the protec-

tion of all concerned, appellees must satisfy Rule 2–211 or Rule 2–231 in order to proceed.

JUDGMENT OF THE CIRCUIT COURT FOR ST. MARY'S COUNTY VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEES.